a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LAWRENCE C JONES #64584-060, Petitioner | CIVIL DOCKET NO. 1:23-CV-00811 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| C GARRETT, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Lawrence C. Jones ("Jones"). ECF No. 1. Jones is a prisoner at the United States Penitentiary in Pollock, Louisiana. He challenges his conviction in the United States District Court for the Northern District of Ohio.

Because Jones cannot meet the requirements of the savings clause, his Petition should be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

I. Background

In 2018, Jones pleaded guilty to sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a)(1) and (c), and sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a). *United States v. Jones*, 3:17-CR-0073 (N.D. Ohio). The district court sentenced him to a total of 420 months of imprisonment, to be followed by a lifetime term of supervised release. *Id.* at ECF No. 59. His convictions were affirmed. *United States v. Jones*, No. 19-3857 (6th Cir. 2020).

Jones, through retained counsel, filed an unsuccessful § 2255 motion raising ineffective-assistance-of-counsel claims. *Id.* at ECF No. 96. The United States Court of Appeals for the Sixth Circuit denied him a Certificate of Appealability. *Jones v. United States*, No. 22-3305 (6th Cir. 2022).

Jones sought authorization to file a second or successive § 2255 motion to present claims that his attorney failed to include in his original § 2255 motion. *See In re Lawrence Jones*, 23-3287 (6th Cir.). Specifically, Jones asserted that: (1) his initial arrest violated the Fourth Amendment because the warrant issued before the filing of a criminal complaint; (2) his trial counsel persuaded him to plead guilty without informing him of the sentencing enhancements that he could face; and (3) his retained counsel performed ineffectively and passed away during his original § 2255 proceedings. Jones also filed supplements to his motion for authorization claiming that his brother, Marcus Jones, was willing to testify that trial counsel convinced Marcus to write a letter to Jones to convince him to plead guilty on false pretenses and that another witness, Sharay Jones, was willing to testify that she was "told by the community" that the victim was already involved in sex trafficking and cooperated with federal agents to target Jones. *Id.* Jones also claimed that the prosecutor provided the district court with incorrect information during sentencing. The Sixth Circuit denied authorization because Jones failed to meet the requirements of § 2255(h).

Jones now seeks relief from under § 2241.

II. <u>Law and Analysis</u>

A § 2241 petition and a motion under § 2255 are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). "Section 2255 provides the primary means of collaterally attacking a federal sentence and is the appropriate remedy for errors that occurred at or prior to the sentencing." *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005) (internal quotation marks and citations omitted). In contrast, § 2241 is the proper procedural vehicle by which a petitioner may "attack[ ] the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack*, 218 F.3d at 451. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Id.* at 452.

"In 'extremely limited circumstances,' federal prisoners may seek postconviction relief through a § 2241 petition instead of a § 2255 motion" pursuant to the "so-called 'savings clause' of § 2255(e)." *Hammoud v. Ma'at*, 49 F.4th 874, 879 (5th Cir. 2022) (en banc) (quoting *Pack*, 218 F.3d at 452). However, "the savings clause does not authorize . . . an end-run around" the "two—and only two—conditions in which a second or successive § 2255 may proceed" as described in § 2255(h). *Jones v. Hendrix*, 599 U.S. 465, 477 (2023). Instead, the savings clause "preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Id.* at 478.[1] A prior unsuccessful § 2255 motion or

---

[1] In providing examples of unusual circumstances, the Supreme Court stated:

3

the inability to meet the "second or successive" requirement of § 2255(h) does not make § 2255 inadequate or ineffective. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).

The Sixth Circuit determined that Jones cannot meet the two conditions of § 2255(h) that would allow him to file a second or successive challenge to his conviction. This Court does not have jurisdiction to review those findings. And Jones does not provide any "unusual circumstances" that renders the § 2255 remedy inadequate or ineffective for challenging the legality of his conviction. ECF No. 1 at 4. Therefore, Jones cannot meet the requirements of § 2255(e).

## III. Conclusion

Because Jones cannot meet the requirements of the savings clause, IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

---

The clearest such circumstance is the sentencing court's dissolution; a motion in a court that no longer exists is obviously "inadequate or ineffective" for any purpose. *See, e.g.*, *Witham v. United States*, 355 F.3d 501, 504–505 (CA6 2004) (finding § 2255 inadequate or ineffective after court-martial was dissolved); *Edwards v. United States*, 1987 WL 7562, *1 (EDNY, Feb. 9, 1987) (finding § 2255 inadequate or ineffective after District Court of the Canal Zone was dissolved); *cf. Spaulding v. Taylor*, 336 F.2d 192, 193 (CA10 1964) (finding § 2255 inadequate or ineffective after Alaska territorial court was dissolved and federal and state successor courts declined § 2255 and state-habeas jurisdiction, respectively). The saving clause might also apply when "it is not practicable for the prisoner to have his motion determined in the trial court because of his inability to be present at the hearing, or for other reasons." *Hayman*, 342 U.S., at 215, n. 23, 72 S.Ct. 263 (internal quotation marks omitted).

*Jones*, 599 U.S. at 474 (footnote omitted).

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, September 28, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE